UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WINFORGE, INC. and BRYON McMAHON, | ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 1:06-cv-0619-SEB-VSS |
| COACHMEN INDUSTRIES, INC., ALL AMERICAN HOMES, LLC., and MOD-U-KRAF HOMES, LLC., | ) ) ) ) | |
| Defendants. | ) | |

## ENTRY GRANTING IN PART DEFENDANTS' MOTION FOR RELIEF AND DENYING PLAINTIFFS' MOTION TO MODIFY BOND AMOUNT

This lawsuit involves a dispute over property on which is proposed the building of a hotel development in Pigeon Forge, Tennessee. The property (the "Property") is owned by Defendant Winforge having been acquired for that purpose. Plaintiffs sought a preliminary injunction to prevent Defendants from foreclosing on the Property prior to a resolution of various legal disputes between the parties. On May 26, 2006, we granted Plaintiffs' request and issued a preliminary injunction staying foreclosure of the Property and requiring Plaintiffs to post a bond in an amount sufficient to cover the value of the Property and any potential depreciation that might occur during the term of the preliminary injunction. Both parties have returned to the court, seeking relief from our May 26, 2006, Order (the "prior Order").

On June 5, 2006, Defendants filed a Motion for Relief requesting that the preliminary injunction be set aside since it had been granted for reasons specifically

disclaimed by Plaintiffs.  Upon further review, we agree with Defendants' assertion that our prior Order hit wide of the mark.  However, for the reasons explained below, Plaintiffs shall be permitted an opportunity to amend their prior submissions to conform to rulings made in the prior Order.

On June 13, 2006, Plaintiffs filed a Motion to Modify the Bond amount, claiming that the reduction is necessary because of their inability to obtain a bond in the specified amount per our prior Order.  For the reasons explained below, we DENY Plaintiffs' request to reduce the amount of the required bond.

We address each of these motions in greater detail below:

A. *Defendants' Motion for Relief*

The parties' original submissions contained little relevant discussion of the complex contract and choice of law issues involved in this case.  In conducting our own research, we discovered a broad array of issues implicated by the Loan Documents and by this lawsuit and determined that a resolution of these issues was necessary before Defendants could proceed with their foreclosure of the Property.

Defendants now seek relief from the injunction, pointing out that the only claim on which Plaintiffs based their request for injunctive relief was Claim IX of their Complaint (asserting that Defendants must follow Indiana's foreclosure laws and procedures).  This theory of relief we expressly rejected in our Order granting the preliminary injunction.  After further review of the parties' original submissions as prompted by Defendants' Motion for Relief, we must accept that our analysis as explicated there was erroneous.  In

2

particular, we acknowledge that in drafting our prior Order we inadvertently overlooked the following footnote disclaimer in Plaintiffs' Reply brief:

> In its Brief, Coachmen correctly notes that Plaintiffs have not asserted that they have a substantial likelihood of success on the merits of their remaining claims - - Counts I through VIII. (Brief p. 2). Coachmen then asserts, **without any legal authority or any cogent argument**, that this purported failure is somehow dispositive. In its initial Memorandum, Plaintiffs did not contend that they had a substantial likelihood of success on the merits of Counts I through VIII because those counts seek money damages, and may not form the legal basis for injunctive relief. *Agmax, Inc. v. Countrymark Co-Op, Inc.*, 795 F. Supp. 888, 893 (S.D. Ind. 1992)(motion for temporary restraining order should be denied where adequate remedy at law exists - - money damages).

Pls.'s Reply Brief at 3 n. 2 (emphasis in original).  This footnote clearly evidences Plaintiffs' intent not to rely on Claim VIII (seeking declaratory judgment) as a basis for the preliminary injunction, which means that since the preliminary injunction was based on the request for declaratory judgment, it was entered in error.

In light of this, Defendants request that we set aside the preliminary injunction; however, we are not convinced that such action is the most efficient or judicious course. The practical result of vacating our prior ruling no doubt will be to simply invite a subsequent filing by Plaintiffs targeting the declaratory judgment claim as the basis for their preliminary injunction.  That submission would obviously invite another full round of briefing by the parties.  Rather than undergo another process of protracted advocacy, we think the more prudent, efficient and fair simply to elicit Plaintiffs' intentions in terms

of whether they will modify their original motion and brief to seek injunctive relief on the declaratory judgment claim.  Accordingly, Plaintiffs are granted TEN (10) days to amend their petition for injunctive relief or to indicate otherwise regarding their continued pursuit of a preliminary injunction.

We acknowledge that Defendants may object to this procedure as being unfair to their interests, arguing that they are entitled to an order vacating our prior ruling which should be the extent of the Court's decisionmaking at this juncture.  While recognizing there may be such possible objections to this procedure which allows Plaintiffs to amend their submissions after a judicial ruling has been made, we believe that it would be more unfair, to both parties, to require them to rebrief the entire issue and also unfair to the court, who would have to start from scratch in addressing these issues again.

    B.    *Plaintiffs' Motion to Modify*

We decline Plaintiffs' request to reduce the amount of the required bond to a value less than the value of the Property at issue plus potential depreciation.  In their request for a preliminary injunction, Plaintiffs asked this court to put a stop to foreclosure proceedings that had been initiated by Defendants.  The posting of the bond is necessary to cover the damages that Defendants would reasonably incur if it is ultimately determined that they were wrongly enjoined from acquiring the Property.  Thus, the bond must reflect the value of the property as of the time Defendants' foreclosure efforts were thwarted and encompass the value of the property at the time Defendants would theoretically have been entitled to recover, but for the injunction.  Accordingly, we

<u>DENY</u> Plaintiff's request to modify the bond amount.

### Conclusion

We concur in Defendants' assertion that our June 5, 2006, Order granting a preliminary injunction was based on an erroneous assumption. Plaintiffs accordingly are directed to notify the Court within TEN (10) days whether they will amend their previous submissions or to indicate their intentions otherwise. Plaintiffs' Motion to Modify the Bond Amount is <u>DENIED</u> and Plaintiffs have TEN (10) days from the date of this order within which to post a bond in the amount of $1.4 million. IT IS SO ORDERED.

Date:  06/23/2006

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copy To:

Brent Emerson Inabnit
SOPKO NUSSBAUM & INABNIT
brenti@sni-law.com

Christopher M. Keefer
SOPKO NUSSBAUM & INABNIT
chrisk@sni-law.com

Richard Charles Richmond III
SOMMER BARNARD ATTORNEYS, PC
richmond@sommerbarnard.com