UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WINFORGE, INC., *et al.*, | ) | |
|     *Plaintiffs*, | ) | |
| | ) | |
|     *vs*. | ) | 1:06-cv-00619-SEB-JMS |
| | ) | |
| COACHMEN INDUSTRIES, *et al.*, | ) | |
|     *Defendant*. | ) | |
| | ) | |

## **ORDER**

Presently before the Court is Defendants' Motion to Stay Proceedings and to Compel Arbitration (the "Motion to Stay"). [Dkt. 134.]

Over three-and-a-half years ago, Plaintiffs began this civil action, asserting ten causes of action, including one for breach of contract. [Dkt. 1.] Shortly thereafter, Defendants filed a motion to dismiss almost all the counts of the complaint, including a motion asking the Court to dismiss the breach-of-contract count as to Plaintiff McMahon. [Dkt. 1.] At the same time, Defendants answered the Complaint and asserted a $2.3 million counterclaim against Plaintiffs. [Dkt. 29.] This litigation then began in earnest—litigation that has required a great deal of judicial resources (including those of the Seventh Circuit Court of Appeals [*see* dkt. 61]). [Dkt. 93 at 1-2 ("Through previous entries made in the course of this litigation, we have narrowed the scope of this dispute to a significant degree. Nothing about this case has been straightforward, simple or entirely clear from one step to the next.").] Among other things, and as is relevant here, the Court dismissed Plaintiff McMahon's breach-of-contract claim, [dkt. 72], and denied later cross-motions for summary judgment on the breach-of-contract claims as to Plaintiff Winforge, Inc. ("Winforge"), [dkt. 93].

Now on practically the eve of trial, Defendants have invoked—for the first time ever in the years that the litigation has been before the Court—the arbitration clause contained in the parties' agreement. Pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, Defendants have moved to stay further proceedings in this Court and to compel Winforge to arbitrate.

The Federal Arbitration Act generally commands courts to honor arbitration clauses in contracts. *See* 9 U.S.C. § 3. But "[c]ourts may refuse to enforce arbitration agreements on a number of grounds, and federal courts have consistently held that among those grounds is waiver of the right to arbitrate." *St. Mary's Medical Center, Inc. v. Disco Aluminum Products Co.*, 969 F.2d 585, 587 (7th Cir. 1992) (citations omitted). A party may waive its right to demand arbitration either explicitly or implicitly. *Cabinetree v. Kraftmaid Cabinetry*, 50 F.3d 388, 390 (7th Cir. 1995). Courts presume that a party has waived its right to arbitration when it has "elect[ed] to proceed before a nonarbitral tribunal for the resolution of a contractual dispute." *Id.* That presumption arises even without "evidence of prejudice [to the other party] beyond what is inherent in an effort to change forums in the middle (and it needn't be the exact middle) of litigation." *Id.* (collecting cases).

A party who has waived its right to arbitrate may rescind that waiver under "extraordinary circumstances." *Id.* at 391. When considering whether those circumstances are extraordinary enough, courts should consider both the prejudice to the party resisting arbitration and the diligence of the party demanding arbitration. *Id.* Under no circumstances, however, should a court permit a party to rescind its waiver when the evidence shows that the party simply "wanted to play heads I win, tails you lose," in other words "want[ing] to see how the case was going in federal district court before deciding whether it would be better off there or in arbitration." *Id.*

Here, the Court finds that Defendants have implicitly waived their right to arbitrate by participating in this action for more than three-and-a-half years without once mentioning the arbitration clause in any paper filed in this matter—not in their answer, not in their motion to dismiss the breach-of-contract count, not in their motion for summary judgment on the breach-of-contract count, or in their opposition to Winforge's motion for summary judgment on the breach-of-contract count.  While Defendants are correct that "merely…filing a motion to dismiss" doesn't give rise to a waiver, *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004), the filing a motion to dismiss is still one factor that a court may consider, for "[s]ubmitting a case to the district court for decision is not consistent with a desire to arbitrate." *St. Mary's*, 969 F.2d at 589.  And, in any event, Defendants' filing of a motion for summary judgment on the breach-of-contract claim certainly constitutes a waiver.  *Auto. Mechs. Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 747 (7th Cir. 2007) ("Although it made no motion to dismiss, Vanguard's motion for summary judgment, which said nothing about venue or arbitration, was an implicit waiver of any argument for dismissing on either of those grounds."); *St. Mary's*, 969 F.2d at 589 (noting that "a summary judgment would preclude any arbitration by virtue of waiver" (quotation and alteration omitted)).

Defendants haven't come close to providing enough evidence to permit them to rescind their previous waiver.  While Defendants claim that Winforge wouldn't suffer any prejudice by submitting to arbitration, Winforge correctly notes that Defendants seek to submit to an arbitrator the same issues that the Court has already considered, possibly obtaining a more favorable ruling than that which the Court has provided.  [*See* dkt. 140 at 5.]  That is exactly the type of "heads I win, tails you lose" prospect that *Cabinetree* condemned.  50 F.3d at 390.  And regarding their diligence, Defendants contend that they had to wait until the Court ruled on the cross-motions for

summary judgment before all non-arbitrable claims had been resolved.  [*See* dkt. 135 at 2.][1] Whether or not they are correct in that regard, the Court rendered its opinion on the cross-motions for summary judgment over thirteen months before Defendants filed their Motion to Stay, [*see* dkts. 93; 134].  The Court of Appeals has refused to let parties more diligent than Winforge back out of their waivers.  *See Cabintree*, 50 F.3d at 391 (finding nine months too long); *St. Mary's*, 969 F.2d at 589 (finding delay of ten months too long).  *See also Grumhaus v. Comerica Sevcs., Inc.*, 223 F.3d 648, 651 (7th Cir. 2000) (finding more than a year too long).

"Selection of a forum in which to resolve a legal dispute should be made at the earliest possible opportunity in order to economize on the resources, both public and private, consumed in dispute resolution."  *Cabinetree*, 50 F.3d at 391.  Defendants implicitly agreed to this Court as the forum to resolve their legal dispute.  Because Defendants have not presented sufficient justification to permit them to back out of their choice, their Motion to Stay is **DENIED**.

12/22/2009

                                                Jane Magnus-Stinson
                                                United States Magistrate Judge
                                                Southern District of Indiana

**Distribution via ECF only**:

Brent Emerson Inabnit
SOPKO NUSSBAUM INABNIT & KACZMAREK
brenti@sni-law.com

Georgianne Marie Walker
MAY OBERFELL LORBER
gwalker@maylorber.com

Kevin E. Warren

---

[1] Defendants don't explain why they couldn't have originally moved to bifurcate and stay those claims that did fall within the arbitration provision.  Perhaps it was a reasonable strategic choice at the time, given the array of claims and the prospect of litigation in two forums.

- 5 -

SOPKO, NUSSBAUM, INABNIT & KACZMAREK
kevinw@sni-law.com

W. Todd Woelfer
MAY OBERFELL & LORBER
wwoelfer@maylorber.com