UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WINFORGE, INC., | ) |
| a North Carolina corporation, and | ) |
| BYRON McMAHON, a | ) |
| North Carolina citizen, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) 1:06-cv-619-SEB-WGH |
| | ) |
| COACHMEN INDUSTRIES, INC., an | ) |
| Indiana corporation, | ) |
| ALL AMERICAN HOMES, LLC, an | ) |
| Indiana corporation, and | ) |
| MOD-U-KRAF HOMES, LLC, a | ) |
| Virginia corporation, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON DEFENDANTS' VERIFIED MOTION
FOR CONTEMPT FINDING, SANCTIONS, AND
ORDER FOR IMMEDIATE COMPLIANCE**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Defendants' Verified Motion for Contempt Finding, Sanctions, and Order for Immediate Compliance filed October 21, 2011. (Docket No. 192).[1] Plaintiffs filed a Response on November 4, 2011. (Docket No. 194). Defendants filed their Reply on November 14, 2011. (Docket No. 197).

---

[1]On November 4, 2011, Defendants supplemented their Motion. (Docket No. 195).

## I. Background and Procedural History

After obtaining a judgment in their favor, Defendants, on July 21, 2011, filed a Verified Motion in Proceedings Supplementary Requiring Plaintiffs to Appear and Answer. (Docket No. 183). On August 1, 2011, this Magistrate Judge issued an Order Requiring Plaintiffs to Appear and Answer, in which Plaintiff Byron McMahon, in his official capacity on behalf of Plaintiff Winforge, Inc., and in his individual capacity, was ordered to appear for a proceedings supplemental hearing on September 13, 2011, in order to answer concerning Plaintiffs' property, income, and profits subject to execution, and to bring with him certain documents. (Docket No. 184). On September 8, 2011, Plaintiffs filed a Motion to Continue the Appear and Answer Hearing. (Docket No. 185). The September 13, 2011 proceedings supplemental hearing was then continued by this Magistrate Judge. (Docket No. 187). A telephonic status conference was then conducted to reschedule the hearing. And, on September 21, 2011, this Magistrate Judge rescheduled the proceedings supplemental hearing for October 27, 2011, and also ordered that: "Documents requested in the Verified Motion in Proceedings Supplementary Requiring Plaintiffs to Appear and Answer must be provided by the Plaintiffs on or before October 6, 2011." (Docket No. 188). On October 6, 2011, Plaintiffs submitted a Response to Defendants' Request for Production of Documents which was supplemented on October 14, 2011. (Defendants' Verified Motion for Contempt Finding, Sanctions, and Order for Immediate Compliance at Exs. A, B1, B2).

Defendants filed the Verified Motion for Contempt Finding, Sanctions, and Order for Immediate Compliance at issue here arguing that Plaintiffs' Response to Defendants' Request for Production of Documents submitted on October 6, 2001, and the supplemental response submitted on October 14, 2001, were "not merely in response to a discovery request," but "were to be provided under this Court's September 21, 2011 Order . . . ." (Defendants' Verified Motion for Contempt Finding, Sanctions, and Order for Immediate Compliance ¶¶ 14-15). Defendants, therefore, argued that, because Plaintiffs' Response to Defendants' Request for Production of Documents did not substantially comply with the Magistrate Judge's September 21, 2011 Order, Plaintiffs should be found in contempt, Defendants should be awarded sanctions, and Plaintiffs should be ordered to immediately comply with the Magistrate Judge's September 21, 2011 Order. Having examined the parties' arguments and the relevant legal authorities, the Magistrate Judge concludes that Defendants' Verified Motion for Contempt Finding, Sanctions, and Order for Immediate Compliance must be denied.

## II. Legal Standard for Contempt Findings

For a party to prevail on a request for a civil contempt finding, they "must establish by clear and convincing evidence that (1) a court order sets forth an unambiguous demand; (2) the alleged contemnor violated the command; (3) the violation was significant, meaning the alleged contemnor did not substantially

comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply." *U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010).

## III. Discussion

Proceedings supplemental to execution are governed by Rule 69(a) of the Federal Rules of Civil Procedure and "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Rubin v. The Islamic Republic of Iran*, 637 F.3d 783, 794 (7th Cir. 2011); FED. R. CIV. P. 69(a)(1). Furthermore, Rule 69(a)(2) explains that: "In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person-- including the judgment debtor--as provided in these rules . . . ." The "rules" that Rule 69(a)(2) are referring to are the Federal Rules of Civil Procedure that govern pretrial discovery. *See Central States, Southeast and Southwest Areas Pension Fund v. GWT 2005 Inc.*, 2009 WL 3255246 at *2 (N.D. Ill. 2009). Therefore, under normal proceedings supplemental to execution, after obtaining a judgment, the judgment creditor will serve the judgment debtor with discovery requests to determine what assets the judgment creditor may be able to collect on from the judgment debtor. According to Rule 69, these discovery requests are treated in the same manner as pretrial discovery requests.

Defendants argue that, when this Magistrate Judge issued the September 21, 2011 Order rescheduling the proceedings supplemental hearing, Plaintiffs

were also ordered to produce certain documents, and that this transformed Defendants' document request from a standard part of a proceedings supplemental hearing that was governed by the federal rules, into a court order that Plaintiffs were obligated to comply with.  It was not, however, this Magistrate Judge's intention, upon issuing the September 21, 2011 Order, to remove this matter from the normal procedures afforded by Rule 69 of the Federal Rules of Civil Procedure.  Consequently, Defendants have failed to provide clear and convincing evidence of an unambiguous demand provided by a court order, and contempt findings are not warranted.

## IV. Conclusion

For the reasons outlined above, Defendants' Verified Motion for Contempt Finding, Sanctions, and Order for Immediate Compliance is **DENIED.**

**SO ORDERED.**

**Dated:** November 18, 2011

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Brent Emerson Inabnit
SOPKO NUSSBAUM INABNIT & KACZMAREK
brenti@sni-law.com

Kevin E. Warren
SOPKO, NUSSBAUM, INABNIT & KACZMAREK
kevinw@sni-law.com

Christopher Robert Putt
MAY OBERFELL LORBER
cputt@maylorber.com

Georgianne Marie Walker
MAY OBERFELL LORBER
gwalker@maylorber.com

W. Todd Woelfer
MAY OBERFELL & LORBER
wwoelfer@maylorber.com